## CUMBERLAND FARMS, INC.

v.

## MAYO CORPORATION.

### No. 96–196–Appeal.

Supreme Court of Rhode Island.

June 2, 1997.

Michael A. Kelly, Providence, John B. Webster, Warwick, Jason Marinelli, E. Greenwich.

Ernest G. Mayo, Warren.

### ORDER

This matter came before the Supreme Court on May 7, 1997, pursuant to an order that directed both parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, Mayo Corporation, has appealed a Superior Court judgment entered in favor of the plaintiff, Cumberland Farms, Inc., in this action to quiet title to a parcel of land. After hearing the arguments of counsel and after reviewing the memoranda of the parties, this Court is of the opinion that cause has not been shown, and the appeal will be decided at this time.

The parties own abutting parcels of land in the town of Warren, Rhode Island. A dispute arose between the parties over the use and ownership of a strip of land, about 96 feet by 8 feet, on the boundary between the two parcels. The plaintiff has record title to the disputed land. On January 9, 1990, plaintiff filed a complaint against defendant seeking to quiet title to the land. The defendant responded by claiming title to the land by adverse possession and a non-jury trial was held in the Superior Court.

At trial it was established that a wooden fence had been built on plaintiff's property several feet from the boundary line, with the disputed land located between the fence and the boundary. The fence was erected prior to defendant's purchase of its parcel in 1983. Also prior to 1983, a single-family home had been located on defendant's parcel. The tenants would tie goats to the fence and feed chickens in the disputed area. Asphalt was located on plaintiff's side of the fence, and overgrown grass and bush were located in the disputed area on defendant's side. Ernest Mayo, Sr. (Mayo), president of the defendant, acknowledged that the prior owners had left the disputed area in its natural state. Mayo also testified that he left the disputed area in its "abandoned wild or natural state" until 1985, when defendant graded the property up to the fence. In 1986, defendant paved the lot up to the fence. Based on these facts, the trial justice concluded that defendant had not shown that it used the property adversely for ten years.

In order to succeed on an adverse possession claim under G.L. 1956 § 34–7–1, the claimant must establish by clear and convincing evidence that the possession was actual, open, notorious, hostile, under claim of right, continuous, and exclusive for a period of ten years. *Locke v. O'Brien,* 610 A.2d 552, 555 (R.I.1992); *Walsh v. Cappuccio,* 602 A.2d 927, 930 (R.I.1992). "The findings [in respect to] adverse possession by a trial court sitting without a jury are entitled to great weight and will not be overturned unless the factual finding is clearly wrong or unless the trial court overlooked or misconceived material evidence." *Walsh,* 602 A.2d at 930. In this case, we cannot say that the trial justice clearly erred or overlooked or misconceived material evidence. The record established that defendant's adverse possession of the land began no earlier than 1985. Because plaintiff's action to quiet title was filed in 1990, the ten-year statutory period for adverse possession had not accrued. The defendant has sought to avoid this result by arguing that the filing of the action to quiet title did not stop the running of the statute. We reject such a proposition. It is our opinion that the filing of an action to quiet title terminates the running of the period for es-

tablishing adverse possession. To hold otherwise would be to ignore the requirements of § 34–7–1 that the possession be "uninterrupted, quiet, [and] peaceful" and would permit adverse claimants to acquire title through the artifice of protracted litigation.

For these reasons, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which we return the papers in this case.